**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court
By staylor at 3:42 pm, Jul 11, 2017

JOSHUA MICHAEL HADDEN,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL ACTION NO.: 4:16-cv-95

(Case No. 4:07-cr-6)

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Joshua Michael Hadden ("Hadden"), who is currently incarcerated at the Federal Satellite Low in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** that the Court **DENY** Hadden's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Hadden a Certificate of Appealability and **DENY** Hadden *in forma pauperis* status on appeal.

**BACKGROUND**

In May 2007, Hadden pled guilty in this Court to possession with intent to distribute a quantity of powder and crack cocaine, in violation of 21 U.S.C. § 841(a)(1). Plea, United States v. Hadden, 4:07-cr-6 (S.D. Ga. Sept. 6, 2007), ECF No. 39. The Honorable B. Avant Edenfield sentenced Hadden to 151 months' imprisonment. J., United States v. Hadden, 4:07-cr-6 (S.D. Ga. Sept. 10, 2007), ECF No. 40. Hadden's sentence was based in part on his status as a career offender under the advisory Sentencing Guidelines. (Pre-Sentence Investigation report ("PSI"), ¶¶ 33, 38–39.) Hadden did not file an appeal. On April 26, 2016, Hadden filed this Section

2255 Motion, asserting that he should be resentenced in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015).

## DISCUSSION

Hadden contends his sentence was improperly enhanced pursuant to the residual clause of the United States Sentencing Guidelines (the "Guidelines"), because he no longer qualifies as a career offender. Hadden claims that his sentence was enhanced for possession of a firearm. However, Hadden argues that his possession of a firearm is no longer considered a "violent felony" because Johnson found the residual clause of the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague.[1] Thus, Hadden claims that, because his sentence cannot be enhanced for possession of a firearm, he no longer qualifies as a career offender. (Doc. 1, pp. 1–2.)

The Government asserts that the Supreme Court's decision in Johnson is inapplicable to the Guidelines and in particular, the career-offender provision of the Guidelines. (Doc. 3, p. 3.) Furthermore, the Government asserts that the Johnson decision has no effect on Hadden's status as a career offender because his convictions for drug distribution were not "crimes of violence," but instead "controlled substance offenses" under the Guidelines. (Id.)

### I. Whether Johnson Applies to Hadden's Motion

In Johnson, the Supreme Court held that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process[.]" ___ U.S. at ___, 135 S. Ct. 2551, 2563. The ACCA provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a *violent felony* or a serious drug offense, or both."

[1] Although Hadden relies on Johnson, he admits that he was not sentenced under the statutory provisions of the ACCA. (Doc. 1, p. 2.)

18 U.S.C. § 924(e)(1) (emphasis added). The residual clause of the ACCA defines "violent felony" as, *inter alia*, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. at § 924(e)(2)(B) (emphasis added). In Johnson, the Supreme Court found the "residual clause" so vague as to violate due process. See ___ U.S. at ___, 135 S. Ct. at 2557.

Hadden asserts that Johnson applies to his Motion because the "crime of violence" definition contained within the Guidelines' career offender enhancement provision is identical to the residual clause language found unconstitutional in Johnson. U.S.S.G. § 4B1.2(a)(2). (Doc. 1, p. 1.) However, the Supreme Court explicitly held in Beckles v. United States, ___ U.S. ___, 137 S. Ct. 886 (March 6, 2017), that the holding in Johnson does not apply to the residual clause of the Guidelines. More importantly, Hadden did not receive a career offender enhancement under the "crime of violence" definition contained in Section 4B1.2(a)(2) of the Guidelines. Rather, Hadden's career offender enhancement was based on his two prior felony convictions for controlled substance offenses and not for violent felonies. (PSI, ¶¶ 33, 38–39.)[2] Thus, even if Johnson were to apply to the "crime of violence" definition under the Sentencing Guidelines—which the Supreme Court explicitly held that it did not in Beckles—the holding would still be inapplicable to Hadden's Motion.

Consequently, Hadden is not entitled to his requested relief, and I **RECOMMEND** the Court **DENY** his Section 2255 Motion.

---

[2] Hadden contends that his offense level of 32 was "inclusive of the . . . enhancement for being in possession of a dangerous weapon." (Doc. 1, p. 1.) However, Hadden's offense level of 32 was calculated under Section 4B1.1 of the career offender provision of the Guidelines and did not include the two-level increase for possessing a dangerous weapon. Because Hadden's offense level under the career offender provision was higher than the offense level calculated by adding his base offense level with the special offense characteristic of possessing a firearm (which equaled an offense level of 30), the career offender offense level of 32 was used instead. (PSI, ¶ 33.)

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Hadden leave to appeal *in forma pauperis*. Though Hadden has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336

(2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Hadden's Motion and the Government's Response, and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Hadden a Certificate of Appealability, Hadden is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

**CONCLUSION**

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Hadden's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Hadden a Certificate of Appealability and **DENY** Hadden *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Hadden and the Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of July, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA